```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION


ROGER A. FOX, SR.,

        Plaintiff,

     vs.                                Civil Action 2:12-cv-551
                                        Judge Sargus
                                        Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
```

## REPORT AND RECOMMENDATION

### I.  Background

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income.  This matter is now before the Court on *Plaintiff's Statement of Errors* ("*Statement of Errors*"), Doc. No. 19, and *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 24.  Plaintiff has not filed a reply.

Plaintiff Roger A Fox, Sr., filed his application for benefits on October 30, 2008, alleging that he has been disabled since October 25, 2006.  *PAGEID* 178.  The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on April 12, 2011, at which plaintiff, represented by counsel, appeared and testified, as did Carl Hartung, who testified as a vocational expert.  *PAGEID* 77-78.  In a

decision dated May 13, 2011, the administrative law judge concluded that plaintiff was not disabled during the period from October 30, 2008 through the date of the administrative decision. *PAGEID* 71. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 30, 2012. *PAGEID* 49.

Plaintiff was 48 years of age on the date of the administrative law judge's decision. *See PAGEID* 71, 178. He has at least a high school education, is able to communicate in English, and has past relevant work as a tractor-trailer driver and truck driver. *PAGEID* 69. Plaintiff has not engaged in substantial gainful activity since October 30, 2008, the application date. *PAGEID* 61.

## II.  Medical Evidence[1]

Plaintiff treated with Robert J. Masone, M.D., a pain specialist, from June 2005 through at least December 2010 for back pain that radiated to his neck and legs. *See PAGEID* 299-346, 422-458, 472-484. Dr. Masone treated plaintiff with medication for that entire period. *See id*. Dr. Masone also administered lumbar facet injections, *PAGEID* 345 (July 2005), 346 (June 2005), radio frequency ablation, *PAGEID* 345 (July 2005), 344 (August 2005), 302 (July 2008), sacroiliac joint injections and arthrogram, *PAGEID* 327-28 (June 2006), 421 (November 2008), 420 (December 2008), 413 (March 2009), 412 (April 2009), 410

---

[1] Plaintiff's *Statement of Errors* challenges the administrative law judge's alleged failure to follow the treating physician rule when evaluating Dr. Masone's opinions. Plaintiff also challenges the administrative law judge's reliance on two non-examining physicians to support the physical residual functional capacity assessment without having plaintiff examined. The Court will therefore limit its discussion to those issues.

(May 2009), lumbar transforaminal epidural steroid injections, *PAGEID* 336-38 (November 2005), 334 (December 2005), 325-26 (July 2006), 320 (January 2007), 319 (March 2007), injections in the greater occipital nerve, *PAGEID* 418 (January 2009), 416 (February 2009), 406 (July 2009), 404 (August 2009), 476-78 (September 2010), cervical epidural steroid injections, *PAGEID* 400-01 (September 2009), 398 (October 2009), cervical facet injections, *PAGEID* 395 (November 2009), cervical radio frequency ablation, *PAGEID* 392 (December 2009), 391 (January 2010), and medial branch blocks, *PAGEID* 304-05 (May 2008), 394 (November 2009). Dr. Masone also performed a four-level provocative discography on September 27, 2005, which documented lumbosacral degenerative disk disease. *PAGEID* 339-42.

Dr. Masone's clinical findings on October 25, 2005 included a negative straight leg raise, although slightly equivocal on the left, and mild trouble transitioning from sitting to standing. Dr. Masone diagnosed lumbar spondylosis with degeneration and osteophytic growth of the lower lumbar levels. *PAGEID* 335, 341. He recommended percutaneous intradiscal electrothermal annuloplasty ("IDET") and epidural steroid injections. *PAGEID* 339.

In February 2006, plaintiff was "deemed not to be a surgical candidate" and was referred to physical therapy. *PAGEID* 330. Dr. Masone noted on May 30, 2006 that physical therapy had not alleviated plaintiff's pain. *PAGEID* 329. Plaintiff declined further physical therapy in November 2006 and again in May 2009. *PAGEID* 322, 410.

Clinical findings in July 2006 included a positive straight leg raise bilaterally that was slightly worse on the left and "[m]uch

3

trouble transitioning from sitting to standing." *PAGEID* 324. Plaintiff was fitted for a back brace, but in September and November 2006 he reported little benefit. *PAGEID* 322-24.

In treatment notes dated April 3, 2007, Dr. Masone noted that plaintiff "has failed to get better with conservative treatments . . . and is now a candidate for an IDET procedure." *PAGEID* 318. Dr. Masone performed that IDET procedure at L4-L5 on May 15, 2007. *PAGEID* 316-17. Plaintiff reported no benefit in June 2007. In July 2007, plaintiff was described as "medically stable". *PAGEID* 314-15.

In treatment notes dated August 25, 2008, Dr. Masone noted that plaintiff "has failed all conservative therapy including time, medication management, injection therapy, and physical therapy." *PAGEID* 301. Dr. Masone recommended a sacroiliac joint injection. *Id*. Injections in the greater occipital nerve were administered in January, July, and August 2009. Dr. Masone's treatment notes continued to indicate, however, that plaintiff "has failed all conservative therapy including time, medication management, and chiropractic care." *PAGEID* 404, 406, 416. *See also PAGEID* 476 ("[Plaintiff] failed conservative therapy including time, medication management, chiropractic care, and he is now opioid dependent.")

W. Jerry McCloud, M.D., completed a physical residual functional capacity ("RFC") assessment on February 6, 2009. *PAGEID* 366-74. According to Dr. McCloud, plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently, could stand and/or walk for a total of about six hours in an 8-hour workday, could sit for a total

4

of about six hours in an 8-hour workday, and could push and/or pull; he would be limited in his upper extremities for a period of six months. *PAGEID* 367, 369. Plaintiff could never climb ladders, ropes, or scaffolds, but could occasionally stoop, kneel, crouch, and crawl. *PAGEID* 368. Dr. McCloud further opined that plaintiff should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. *PAGEID* 370.

Gary Hinzman, M.D., reviewed the record and, on April 9, 2009, affirmed Dr. McCloud's assessment. *PAGEID* 375-76.

**II. Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of "degenerative disc disease of the lumbar spine at the L4-5 and L5-S1 levels, migraine headaches, a dysthymic disorder and a personality disorder." *PAGEID* 61. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the RFC to perform

> a full range of light work as defined in 20 CFR 416.967(b).
> Specifically, the claimant can lift and carry 10 pounds
> frequently and 20 pounds occasionally. He can sit, stand
> and walk about six hours in an eight-hour workday. He can
> never climb ladders, ropes or scaffolding and only
> occasionally stoop, kneel, crouch or crawl. He can only
> occasionally reach overhead with the left upper extremity.
> However, he can use his hands and fingers for fine and
> gross manipulation and has no difficulties feeling.
> Mentally, he can perform unskilled work with no fast-paced
> work activities or strict time-limited tasks. He can
> perform superficial contact with co-workers but cannot have
> contact with the general public. He is limited to stable
> work environments with minimal changes in routine.

*PAGEID* 61-64. In making these findings, the administrative law judge considered the treatment of plaintiff's back pain:

> The claimant has had only the most conservative and non-aggressive treatment for his low back spine [sic].  He has been administered epidural steroid injections, Lidoderm patches and radiofrequency ablations to his lumbar spine and wore a back brace for some time.  However, he has not required a TENS unit, been prescribed any type of permanent back brace, cane, crutches, a walker, a wheelchair, splints and has not been recommended for any surgery (although he testified at the hearing that a surgery consult was performed).  He has been prescribed narcotic pain relievers and anti-inflammatory medications which are controlling most of his pain.  There is no evidence that the claimant experiences bowel or bladder dysfunction.  There is no evidence that the claimant experiences true radicular type pain such as an EMG study and no evidence that any doctor has requested that such a test be performed.  There is no evidence of any physical examinations which show evidence of severely diminished range of motion of the upper or lower extremities, no severe guarding noted and no evidence of positive straight leg raising.  There is no evidence of severely diminished deep tendon reflexes, no muscle atrophy and only mild diffuse tenderness observed during physical examinations.  There is no evidence of motor or sensory abnormalities.  There has been only minimal subjective evidence of difficulties toe to heel walking.  He has been treated by a pain specialist who continues to prescribe narcotics and injections.  In conclusion, the claimant's treatment during a claimed period of disability tends to suggest that the claimant's symptomatology was sufficiently controlled with medications and injunctions alone.  Therefore, the claimant' cervical and lumbar impairments do not prevent the claimant from performing light work activities.

*PAGEID* 68.

The administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs that exist in the national economy, including such light unskilled jobs as housekeeping cleaner, dishwasher, and inspector.  *PAGEID* 70.  Accordingly, the administrative law judge concluded that plaintiff has not been disabled within the meaning of the Social Security Act since October

30, 2008, the date plaintiff's application for benefits was filed. *PAGEID* 71.

### III. Discussion

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues that the administrative law judge erred in failing to accord controlling weight to the medical opinions of his

7

treating pain specialist, Dr. Masone.  *Statement of Errors*, p. 1.  "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(2).  An administrative law judge is required to evaluate every medical opinion, regardless of its source.  20 C.F.R. § 416.927(c).  However, the opinion of a treating source must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 416.927(c)(2).  Even if the opinion of a treating source is not entitled to controlling weight, an administrative law judge is nevertheless required to determine how much weight the opinion is entitled to by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole.  20 C.F.R. § 416.927(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating source, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion

8

and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

In the case presently before the Court, plaintiff argues that the administrative law judge erred in failing to give controlling weight to Dr. Masone's medical opinions. *Statement of Errors*, pp. 1, 7. Plaintiff specifically refers to Dr. Masone's repeated comment that plaintiff "had failed conservative treatment" and to a May 7, 2010 assessment of plaintiff's RFC, in which Dr. Masone allegedly opined that plaintiff

> was employable only on a 4 hour per day basis in which he could stand/walk 1 hour at a time and 4 hours in a work day, or sit one hour at a time and 4 hours in a work day; he could lift carry up to 5 lbs frequently and 10 lbs occasionally.

*Id*. at p. 3.  The Commissioner takes the position that there was no "medical opinion" from Dr. Masone in the record before the administrative law judge. *Commissioner's Response*, pp. 3-6.

Dr. Masone purportedly completed a physical capacities evaluation on May 7, 2010 and opined that plaintiff had physical limitations greater than those found by the administrative law judge in the latter's assessment of plaintiff's RFC. *See Physical Capacities Evaluation*, Doc. No. 13-1.[2]  There is no evidence, however, that Dr. Masone's May 2010 RFC assessment was available to the administrative law judge or, indeed, that it has ever been submitted to the Social Security Administration.

---

[2] Upon plaintiff's unopposed motion, *Motion to Complete the Record*, Doc. No. 13, the Court permitted plaintiff to supplement the record to include this report. *Order*, Doc. No. 14.

Patrick J. Herbst, Chief, Court Case Preparation and Review Branch 3, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, certified that the "full and accurate transcript of the entire record of proceeding relating to this case" was included in the *Certified Administrative Record* filed by the Commissioner on August 28, 2012. *First Certified Administrative Record*, Doc. No. 11, p. 1. Notably, Dr. Masone's May 2010 opinion is not contained in the *Certified Administrative Record* and there is no indication that it was included in the exhibits admitted – with the approval of plaintiff's counsel – at the administrative hearing. *See PAGEID* 80 (admitting exhibits 1F through 21F without objection). Plaintiff's counsel stated - in unverified fashion - that Dr. Masone's May 2010 opinion was "submitted to SSA on 6/7/10." *Motion to Complete the Record*, p. 1. The photocopy of Dr. Masone's May 2010 opinion provided by plaintiff to this Court reflects the notation "[s]ubmitted 6/7/10" and what appears to be handwritten initials – otherwise unidentified – at the bottom of the page. *See Physical Capacities Evaluation*, p. 1. However, the unverified statement of plaintiff's counsel and the unauthenticated photocopy of Dr. Masone's purported assessment cannot serve to establish that the document was in fact properly submitted for consideration by the administrative law judge.

It is true that plaintiff's counsel referred to Dr. Masone's opinion in his brief before the Appeals Council, *see*

10

*PAGEID* 251, and during his opening statement at the administrative hearing:

> Dr. Masone did this discogram on 9/27/05.  At L5 S1, the pain was severely concordant, and at L4/5 it was very concordant.  He's tried a bunch of conservative injections, and there's also been an IDET procedure done 5/15/07, none of which have produce [sic] any sustained relief.  And I think that essentially as his is, at the time of Dr. Masone's RFC on 5/7/10, he was pretty much the same going all the way back for the preceding five years.  And that's the basis for disability.

*PAGEID* 80-81.  Nevertheless, the Court cannot conclude that this passing reference was sufficient to put the administrative law judge on notice that plaintiff's counsel was in possession of additional evidence that should have been, but was not, included in the record.

However, this Court agrees with plaintiff's argument that the administrative law judge erred in his assessment of Dr. Masone's repeated opinion that plaintiff "had failed conservative treatment."  *Statement of Errors*, p. 3.  In April 2007, August 2008, January 2009, July 2009, and August 2009, Dr. Masone noted that conservative therapy had not improved plaintiff's condition.  *See PAGEID* 318, 404, 406, 416. In August 2008, Dr. Masone commented that even injection therapy had not been successful.  *PAGEID* 301.  Dr. Masone's statements in this regard qualify as "medical opinions" within the meaning of 20 C.F.R. § 416.927(a)(2) because they "reflect judgments about the nature and severity of [plaintiff's] impairment[s], including [plaintiff's] symptoms, diagnosis and prognosis, . . ." However, the administrative law judge made no specific mention of Dr.

Masone's opinion in this regard and provided no explanation for his apparently contrary finding that "the claimant's treatment during a claimed period of disability tends to suggest that the claimant's symptomatology was sufficiently controlled with medications and injections alone."  *PAGEID* 68.  Under these circumstances, the Court concludes that the matter must be remanded for further consideration of the opinions of plaintiff's treating pain specialist.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** for further consideration of the opinion of Dr. Masone, plaintiff's treating pain specialist.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                           *s/   Norah McCann King*
                                               Norah McCann King
                                 United States Magistrate Judge

June 18, 2013